

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,506-01, WR-92,506-02, WR-92,506-03, & WR-92,506-04

### EX PARTE DAVID ALLEN RUSSELL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. W199-81323-2012-HC, W199-81325-2012-HC, W199-81326-2012-HC, W199-80629-2013-HC IN THE 199TH DISTRICT COURT FROM COLLIN COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of sexual assault of a child, two counts of indecency with a child by contact, and two counts of sexual assault. He was sentenced to 8, 10, 12, and 15 years' imprisonment, with the 8-year and 15-year sentences running consecutively. The Thirteenth Court of Appeals affirmed his conviction. *Russell v. State,* Nos. 13-13-00372-CR, 13-13-00373-CR, 13-13-00374-CR, and 13-13- 00375-CR (Jan. 29, 2015).  Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

In his May 3, 2022, "Brief In Support of Application," Applicant contends that trial counsel

was ineffective because he failed to obtain and present Applicant's medical records regarding Applicant's kidney disease and testimony from his treating physician to corroborate Applicant's girlfriend's testimony. On Aug. 10, 2022, Applicant filed the medical records at issue with the district clerk, who forwarded them to this Court. Habeas counsel's cover letter indicates that Applicant also filed an amended Art. 11.07 application. However, this Court has not received that pleading.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  AUGUST 24, 2022
Do not publish